IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SEAN KELLY HEYWARD,**

    Petitioner,

v.                                                                      Civil Action No. **3:20CV577**

**HAROLD W. CLARKE,**

    Respondent.

## MEMORANDUM OPINION

Sean Kelly Heyward, a Virginia prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court for the County of Chesterfield ("Circuit Court"). Respondent moves to dismiss on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Heyward has responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 10) will be GRANTED.[1]

## I. PROCEDURAL HISTORY

Pursuant to a written plea agreement, Heyward pleaded guilty to five counts of distribution of heroin and was sentenced to an active sentence of seventy years of imprisonment. (*See* ECF No. 12-1, at 1.) Heyward appealed. (*See id.*) The Supreme Court of Virginia refused his petition for appeal on February 14, 2018. (*See* ECF No. 12, at 2.) On May 10, 2018, the Supreme Court of Virginia denied Heyward's motions for rehearing. (*See id.*)

---

[1] The Court corrects the capitalization, spelling, and punctuation in the quotations from Heyward's submissions. The Court employs the pagination assigned by the CM/ECF docketing system.

On May 21, 2019, Heyward filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. (*See* ECF No. 12-1, at 1.) On April 17, 2020, the Supreme Court of Virginia dismissed Heyward's petition for a writ of habeas corpus. (*Id.*)

On July 8, 2020, Heyward filed the instant § 2254 Petition.[2] In his § 2254 Petition, Heyward asserts the following claims for relief:

Claim One: Petitioner was denied effective assistance of counsel in conjunction with his plea agreement. (ECF No. 1, at 7.)

Claim Two: Petitioner was denied the effective assistance of counsel because counsel failed to file a motion to quash the Indictments. (*Id.* at 9.)

Claim Three: Counsel deficiently encouraged Petitioner to accept a guilty plea and failed to reveal impeachment evidence to Petitioner. (*Id.* at 10.)

Claim Four: Counsel incorrectly informed Petitioner that if he pled guilty the Circuit Court would sentence him within the sentencing guidelines. (*Id.* at 12.)

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Heyward's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] This is the date Heyward states that he placed his § 2254 Petition in the prison mailing system (*see* ECF No. 1, at 17), and the Court deems this the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

    **(B)**    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    **(C)**    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    **(D)**    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**2.**    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

Heyward's conviction became final on Wednesday, August 8, 2018, when the time to petition for a writ of certiorari with the United States Supreme Court expired. *See* Sup. Ct. R. 13.1; *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))).

### C. Statutory Tolling

Heyward filed his state petition for a writ of habeas corpus on May 21, 2019. At that point, 285 days of the limitation period had run. The limitation period was tolled while that petition was pending. *See* 28 U.S.C. 2244(d)(2). The statute of limitations began to run again when that petition was dismissed on April 17, 2020. The limitation ran for 81 more days before Heyward filed his § 2254 Petition on July 8, 2020. Because the limitations period ran for 366 days, the § 2254 Petition is untimely.

3

Unless Heyward demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or equitable tolling, the action is barred by the statute of limitations. Neither Heyward nor the record suggests any plausible basis for belated commencement of the limitation period. Heyward contends that the Court should equitably toll the limitation period.

### D. Heyward's Argument for Timeliness

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner must specify "the steps he took to diligently pursue his federal claims." *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)).

Heyward contends that the Court should excuse the tardiness of § 2254 Petition because the COVID-19 pandemic has caused his prison law library to be closed since March of 2020.[3] As explained below, Heyward has not demonstrated that this circumstance constitutes an extraordinary circumstance that prevented him from filing his § 2254 Petition in a timely manner. *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (observing that a petitioner is required "to

---

[3] "Courts have concluded that the COVID-19 pandemic 'could—in certain circumstances—conceivably warrant equitable tolling' for § 22[54 Petitions.]" *Howard v. United States*, No. 4:20–CV–1632 JAR, 2021 WL 409841, at *3 (E.D. Mo. Feb. 5, 2021) (quoting *United States v. Haro*, No. 8:18CR66, 2020 WL 5653520, at *4 (D. Neb. Sept. 23, 2020)).

4

demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances" (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Fisher v. Johnson*, 174 F.3d 710, 716 (5th Cir. 1999))). Instead, the record shows that Heyward's lack of diligence, not the circumstances of his incarceration, led to the delay in filing his § 2254 Petition.

Heyward fails to state what actions, if any, he took to pursue his federal claims in the days following the direct appeal and the denial of his state petition for a writ of habeas corpus. This alone forecloses Heyward's entitlement to equitable tolling. *Yang*, 525 F.3d at 930 (citation omitted); *Roberts v. Watson*, 697 F. Supp. 2d 646, 653 (E.D. Va. 2010) ("Unexplained delays in filing petitions do not demonstrate diligence on the part of petitioner in pursuing his rights" (citing *Pace*, 544 U.S. at 419; *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001))).

Heyward also fails to demonstrate the existence of an extraordinary circumstance that prevented him from timely filing his § 2254 Petition. Generally, restricted access to a law library does not qualify as an extraordinary circumstance. *Allen v. Johnson*, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009) (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)). Moreover, Heyward fails to explain why that lack of access hindered his ability to bring any of his present claims sooner.

Because Heyward fails to demonstrate entitlement to equitable tolling, the statute of limitations bars his § 2254 Petition.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 10) will be GRANTED. Heyward's Motion to Dismiss Respondent's Brief (ECF No. 14) will be DENIED. Heyward's § 2254 Petition will be DENIED. A certificate of appealability will be DENIED.[4] The action will be DISMISSED.

An appropriate Final Order shall issue.

Date: 2 June ~~May~~ 2021
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

---

[4] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Heyward fails to meet this standard. Accordingly, a certificate of appealability will be DENIED.